Irving P. Lovejoy v. Charles Weil.— Motion denied, with ten dollars costs.

E. Van Rensselaer Ketchum v. New York City Railway Company.— Motion granted.

Robert R. Marshall v. Holbrook, Cabot & Daly Contracting Company.— Motion denied, with ten dollars costs.

H. Margolis & Company v. Samuel Goldstein.— Motion denied.

Joseph Glaser v. Home Insurance Company.— Upon filing usual stipulation for judgment absolute, motion granted.

Augustus Linden, Appellant, v. North Carolina Lumber Company, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

## SECOND DEPARTMENT, DECEMBER, 1905.

The People of the State of New York ex rel. Daniel E. Hanrahan, Appellant, v. William McAdoo, as Police Commissioner of the City of New York, Respondent.

*Mandamus — improper remedy when relator removed from office after trial.*

Appeal from an order of the Kings County Special Term, entered in the office of the clerk of said county on the 26th day of January, 1905, denying a motion for a peremptory writ of mandamus.

PER CURIAM: We think that the relator has mistaken his remedy. If, as the record shows, he was convicted after a trial upon charges, he cannot in effect review that determination and annul it by mandamus, but he must resort to certiorari. (*People ex rel. Goodwin* v. *MacLean*, 62 Hun, 42.) This rule is not affected by the number or the gravity of the errors which may be assigned to the trial and the procedure thereof, so long as it appears that the dismissal complained of was the result of a judicial act. The relator cannot, by allegation that his suspension pending the charges and their determination was illegal, be restored to the force by mandamus, inasmuch as he was removed therefrom by judicial proceedings subsequent to the suspension. It may be that if he was suspended without pay illegally, as he contends, he would have a right to recover his salary during the period of suspension until his dismissal after trial, on the ground that it was an incident to his office. We are constrained to affirm the order, with ten dollars costs and disbursements, solely upon the ground indicated. Bartlett, Jenks, Hooker, Rich and Miller, JJ., concurred. Order affirmed, with ten dollars costs and disbursements.

John J. Dooley, Respondent, v. Alfred W. Booth and Others, Appellants.

*Negligence — injury to dock by vessel.*

Appeal by the defendants from a judgment of the Municipal Court of the city of New York in favor of the plaintiff, rendered on the 28th day of November, 1904.

HIRSCHBERG, P. J.: The plaintiff has recovered a judgment for damages to his dock, boats and other property occasioned by a scow which was cast adrift in a violent storm and collided with the property. The charge is negligence. The plaintiff first sued the alleged owners of the scow and recovered a judgment which we reversed. (See *Dooley* v. *Healey*, 95 App. Div. 271.) The ground of the reversal was that upon the record as then presented it appeared that the scow was by charter in the possession and under the control of the street cleaning department of the city of New York. The decision was on the authority of *Anderson* v. *Boyer* (156 N. Y. 93), wherein it was held that where a third person is injured by the negligence of the captain of a chartered boat in unloading it the captain is deemed to have been acting as the servant of the charterer and not of the owner. The present action is against the members of a firm which as it now appears was at the time of the accident in the possession and control of the scow under a contract with the city by which the defendants agreed to transport the department scows, loaded with street refuse, from the city dumps to Staten Island, to unload them there, and to return them unloaded to the city dumps. The scow in question had been towed by the defendants to Staten Island and unloaded and it went adrift while being unmoored after the unloading in a severe gale. The main defense interposed and litigated at the trial was that the vessel